IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVE STRAUSS d/b/a CLASSIC TREE CARE, et al.,

    Plaintiffs,

v.

ANGIE'S LIST, INC.,

    Defendant.

Case No. 2:17-CV-02560-HLT-TJJ

**MEMORANDUM AND ORDER**

Plaintiff Steve Strauss and Putative Plaintiff David Garner (collectively, "Plaintiffs") seek a thirty-day extension, up to and including January 2, 2019, to file a notice of appeal of the Court's dismissal of their putative class action against Defendant Angie's List, Inc.[1] Doc. 87. McDowell, Rice, Smith & Buchanan, P.C.—attorneys for Plaintiffs—also seek to withdraw as Plaintiffs' counsel. Docs. 88, 89. Because the Court grants Plaintiffs' counsel leave to withdraw, the Court also finds good cause exists to grant an extension of time to file the notice of appeal. The Court concludes, however, that a fifteen-day extension, up to and including Tuesday, December 18, 2018, is sufficient time to allow Plaintiffs to prepare and file the notice of appeal.

**I.    ANALYSIS**

Because Plaintiffs' counsel's request for leave to withdraw is material to Plaintiffs' requested extension, the Court first considers the request to withdraw. The Court then considers Plaintiffs' requested extension.

---

[1] Plaintiff Strauss's Class Action Complaint asserted individual and putative class claims under the Lanham Act, 15 U.S.C. §§ 1501-114n (2012) and the Kansas Consumer Protection Act ("KCPA"), §§ 50-623 to -643 (West 2018). Doc. 1. The proposed First Amended Class Action Complaint restated those claims and added an individual claim on behalf of putative plaintiff David Garner under the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann. §§ 13-301 to -408 (West 2018). Doc. 43-1.

### A. Withdrawal of Plaintiffs' Counsel

Attorneys James F.B. Daniels, Michael J. Gorman, and William C. Odle of McDowell, Rice, Smith & Buchanan, P.C. seek leave to withdraw as counsel for Plaintiffs. In accordance with District of Kansas Local Rule 83.5.5(a)(1)-(4), because their withdrawal will leave Plaintiffs without counsel, counsel has: (1) notified the Court of the reasons for the withdrawal; (2) provided evidence that Plaintiffs have been notified of their withdrawal (including the required admonitions to Plaintiffs and notices of pending deadlines); (3) provided the Court with Plaintiffs' current mailing addresses and telephone numbers; (4) served the motion to withdraw on Plaintiffs by certified mail, with return receipt requested; (5) filed an affidavit indicating that Plaintiffs received a copy of the motion to withdraw; and (6) served the motion to withdraw on all attorneys of record. Because counsel has complied with the requirements of the applicable Local Rule, the Court grants leave to withdraw.

### B. Extension of Deadline for Filing Notice of Appeal

In federal civil cases, the party seeking appellate review must file a notice of appeal with the district clerk within thirty days after entry of the judgment. FED. R. APP. P. 4(a)(1).[2] The district court may extend the thirty-day deadline if the party seeking appellate review: (1) files a motion for extension before expiration of the thirty-day deadline; and (2) demonstrates excusable neglect or good cause for the requested extension. FED. R. APP. P. 4(a)(5)(A). Any extension granted by the district court must not extend beyond thirty days after the original deadline for filing the notice of appeal or fourteen days after entry of the district court's order granting the requested extension, whichever is later. FED. R. APP. P. 4(a)(5)(C).

---

[2] Under the Federal Rules of Appellate Procedure, the timely filing of certain motions following entry of the judgment can affect the time within which the notice of appeal must be filed. FED. R. APP. P. 4(a)(4)(A). Here, however, no such motion has been filed to date and the default thirty-day deadline for filing the notice of appeal is applicable.

Here, Plaintiffs' original deadline for filing the notice of appeal is December 3, 2018.[3] Plaintiffs' request for an extension, thus, is timely, and the Court need only determine whether Plaintiffs have met the second requirement of demonstrating excusable neglect or good cause.

"The factors relevant to an excusable-neglect decision include 'the danger of prejudice to [the nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Bishop v. Corsentino*, 371 F.3d 1203, 1206-07 (10th Cir. 2004) (quoting *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)) (alteration in original). "The time for taking an appeal should not be extended in the 'absence of circumstances that are unique and extraordinary.'" *Id.* (quoting *Gooch v. Skelly Oil Co.*, 493 F.2d 366, 370 (10th Cir. 1974)).

Plaintiffs made no showing of excusable neglect. Although not specifically articulated, the Court construes Plaintiffs' request for extension as arguably supported by good cause because Plaintiffs' counsel, contemporaneously with the requested extension, seeks leave to withdraw. Doc. 87 at 2; *see also* Docs. 88, 89. Plaintiffs contend the requested extension will allow them time to retain new counsel "or take steps on their own behalves to protect their interests." Doc. 87 at 2.

Good cause "take[s] account of a narrow class of cases in which a traditional excusable neglect analysis would be inapposite." *Id.* (quoting *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 630 (1st Cir. 2000)) (internal quotations omitted). "Good cause comes into play in situations in which there is no fault—excusable or otherwise." *Id.* (citing FED. R. APP. P. 4(a)(5) advisory committee note (2002 Amendments)). "In such situations, the need for an extension is usually occasioned by

---

[3] The judgment Plaintiffs appeal from was entered on November 1, 2018. Doc. 86. The thirty-day notice of appeal deadline technically runs on Saturday, December 1, 2018. Under Federal Rule of Appellate Procedure 26(a)(1)(B), however, when calculating a deadline, Saturdays and Sundays are excluded. The deadline is therefore properly calculated as Monday, December 3, 2018.

3

something that is not within the control of the movant." *Id.* (quoting citing FED. R. APP. P. 4(a)(5) advisory committee note (2002 Amendments)) (internal quotations omitted).

Although it is a close call, the Court concludes Plaintiffs' counsel's withdrawal provides good cause for a short extension of the deadline for filing the notice of appeal. Plaintiffs were aware of the possibility their attorneys might choose to withdraw if the case proceeded to an appeal (Docs. 88-1, 89-1),[4] but the actual withdrawal of their attorneys was an event beyond Plaintiffs' control. The Court notes, however, that the notice of appeal is a simple document and that, at the time of the filing of Plaintiffs' motion requesting the thirty-day extension, more than ten days remained before the original deadline for filing the notice of appeal. The Court therefore concludes that a fifteen-day extension (rather than the requested thirty-day extension) is sufficient to permit Plaintiffs to either engage new counsel or file the notice of appeal on their own behalf.

## II. CONCLUSION

For the above reasons, the Court grants Plaintiffs' counsel leave to withdraw. The Court finds that counsel's withdrawal provides good cause to grant a fifteen-day extension, up to and including, **Tuesday, December 18, 2018**, of Plaintiffs' deadline for filing the notice of appeal. Plaintiffs' notice of appeal must therefore be filed with the Clerk of Courts for the United States District Court, District of Kansas, on or before **Tuesday, December 18, 2018**. A copy of the notice of appeal is available in PDF format on the Court's website. Plaintiffs may file the completed notice of appeal in person (Robert J. Dole United States Courthouse, 500 State Avenue, Suite 259, Kansas City, KS 66101), via email in PDF format (ksd_clerks_kansascity@ksd.uscourts.gov), or

---

[4] The engagement letter advised Plaintiffs that counsel was not obligated to take an appeal. *See* Docs. 88-1 at 1-2, 89-1 at 1-2.

via United States mail (Robert J. Dole United States Courthouse, Attn: Clerk's Office, 500 State Avenue, Suite 259, Kansas City, KS 66101).

THE COURT THEREFORE ORDERS that counsel's Motion to Withdraw as Counsel for Plaintiff Steve Strauss d/b/a Classic Tree Care (Doc. 88) is GRANTED.

THE COURT FURTHER ORDERS that counsel's Motion to Withdraw as Counsel for Putative Plaintiff David Garner (Doc. 89) is GRANTED.

THE COURT FURTHER ORDERS that Plaintiff Steve Strauss d/b/a Classic Tree Care's and Putative Plaintiff David Garner's Motion for Extension of Time to File a Notice of Appeal (Doc. 87) is GRANTED IN PART and DENIED IN PART.

THE COURT FURTHER ORDERS that the Clerk of Courts mail a copy of this Order, via certified mail, to Plaintiff Steve Strauss at 18450 W. 367th Street, Paola, KS 66071 and to Putative Plaintiff Dave Garner, via certified mail, at 1507 Willowdale Drive, Bel Air, MD 21015.

IT IS SO ORDERED.

DATED: November 28, 2018

*/s/ Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE